(Hamilton County Court of Common Pleas.)

### JONAS DUFFY v. THE CINCINNATI STREET RAILWTAY CO.

*Responsibility for injuries from running cars at an unlawful speed, where an innocent act has intervened and become the immediate cause of the injury.*

(Decided October, 1893.)

SAYLER, J.

The car of the defendant was being run at a rate of speed greater than is allowed by law, and in consequence thereof, the plaintiff, who was driving a dray, was unable to get out of its way, and the dray was struck by the car and the shaft broken.

When a car or team is run at a speed greater than allowed by law, and such speed is the cause of an injury, then the party so running such car, etc., is negligent; is guilty of a wrongful act. 1 Sherman & Redfield. on Negligence, sec. 13; 38 O. S. 032.

If the original act was wrongful, and would naturally, according to the ordinary course of events, prove injurious to some other person or persons, and does actually result in injury through the intervention of other causes which are not wrongful, the injury shall be referred to the wrongful cause, passing by those which were innocent. Cooley on Torts, p. 70.

As a consequence of the car striking the dray, and breaking the shaft, the horse ran away, and the plaintiff endeavoring to secure the horse was struck by the broken shaft, and injured.

It seems to me, on the face of the petition, under the above authorities, the injury will be referred to the wrongful act of the defendant.

From reference to 23 Ohio St. 532, as sustaining the position that the injury of the plaintiff was not the proximate result, or rather that the act of the defendant was not the proximate cause of the injury of the plaintiff, the court held in that case that the act of the defendant, and the injury to the plaintiff, had, in the nature of things, no natural or necessary connection. "It was, for aught that appears, as reasonable to expect that the delay (of the defendant in prosecuting the voyage) would be the means of avoiding extraordinary peril, in the further prosecution of the voyage, as it was to expect a contrary result." Ib. 540. And the court say, in speaking of the rule applied in suits at law to recover damages for a breach of contract or trust, "Hence, in such cases, while the responsibility of the defendant is not necessarily restricted to the direct and immediate consequence of his fault, it does not extend to consequences which can not be regarded as the natural results of his conduct, and which, on that account, could not, by ordinary forecast, be anticipated." Ib. 539.

A car, running at a high rate of speed, strikes a dray, and breaks a shaft. Would not the natural results be that the horse would run away, that the driver would try to catch him, and that he would be injured by the broken shaft? Could not such results be anticipated?

It seems to me that the petition states a cause of action, and the demurrer will be overruled.